NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

ABDUL-WOLI ABDULLAH,

      Plaintiff,

  v.

WARDEN, GERALDINE D. COHEN, *et al.,*

      Defendants.

Civ. No. 17-4006 (RMB)

OPINION

**BUMB, District Judge**

    Plaintiff Abdul-Woli Abdullah brings this civil rights complaint under 42 U.S.C. § 1983 alleging unconstitutional conditions of confinement at Atlantic County Justice Facility. (Compl., ECF No. 1.) Plaintiff has filed an application to proceed *in forma pauperis* ("IFP".) (IFP App., ECF No. 1-1.) 28 U.S.C. § 1915(b) requires that a prisoner:

> shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Plaintiff's IFP application is missing the certified copy of his trust fund account statement for the preceding 6-month period. Therefore, the Court will administratively terminate this

matter, subject to reopening if Plaintiff submits a properly completed IFP application.

Plaintiff should be aware that 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) require courts to review a prisoner's complaint in a civil action and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. For the reasons discussed below, Plaintiff's complaint would not survive screening pursuant to §§ 1915(e)(2)(B) and 1915A(b).[1]

I.  *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty.

---

[1] This Court's conclusive screening of Plaintiff's claims is reserved until he obtains *in forma pauperis* status. See Izquierdo v. New Jersey, 532 F. App'x 71, 72-73 (3d Cir. July 25, 2013) (district court may decide whether to dismiss the complaint under 28 U.S.C. § 1915(e)(2) after leave to proceed IFP is granted).

Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the *Pro Se* Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

Under 28 U.S.C. § 1915(e)(2)(B), district courts must review complaints filed by persons proceeding *in forma pauperis* in civil actions, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint[.]" Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action,

do not suffice to state a claim. <u>Id.</u> Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Id.</u> at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." <u>Id.</u> If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002).

## II. DISCUSSSION

### A. <u>The Complaint</u>

Plaintiff alleges the following facts in his Complaint, which are accepted as true for purposes of this screening only. Plaintiff is not on a "Ramadan list" because he is receiving a cardiac diet. (Compl., ECF No. 1, ¶4.) He receives the same food as the General Population, but no sweets. (<u>Id.</u>)

Plaintiff states that he reported his "condition" to a POD Officer on May 27, 2017, but he does not explain what condition he reported. (<u>Id.</u>) Plaintiff also alleges that he requested medical assistance on April 6, 2017, "to no avail," but he does not say why he requested medical assistance.

The Court construes the following allegations as overcrowding and retaliation claims:

> From being constantly being moved from one
> place to another, deriving from retaliation
> because I wouldn't stay put under the
> conditions the facility inforces [sic]
> unknowingly to many live in. I've been
> confined here in the "A.J.C.F." since 4-6-
> [2017] what I have feared all along in
> regard[] to the conditions of this jail has
> become a reality (being affected)
> contracting a desease [sic] I didn't come
> here with, more important in this jail,
> which is not, which is negligence and a
> violation.

(Compl., ECF No. 1, ¶4.)

Plaintiff further alleges the conditions in the jail have caused his lower disk to fall out of place and "leg problems". (Id., ¶3C.) He claims that the conditions of the showers, the POD, and the "room condition" cause boils and chicken pox. (Id., ¶5.) Finally, he states "Religious. I am kept isolated from since I came to Atl. Co." (Id., ¶3C.)

For relief, Plaintiff seeks money damages. (Id., ¶5.) Plaintiff alleges Warden Geraldine Cohen is liable because she is "responsible for ensuring that all the rights and Amendments of every prisoner/inmate within this institution are honored." (Id.) Plaintiff also includes the following defendants in the caption, without making any further reference to them in the Complaint: Cherlye Deboise CFG; Atl. Co. Freeholder Dennis Levinson (Exec); Atl. Co. Freeholder Frank Formica (Chairman); and State of New Jersey Risk Management, Trenton N.J.

**B.  Failure to State a Claim Against Defendants Deboise, Levinson, Formica and State of New Jersey Risk Management**

Plaintiff has not alleged what any of the above-named defendants did or failed to do in violation of his constitutional rights.  For liability under § 1983, a defendant must have personal involvement in a constitutional violation.  See Iqbal, 556 U.S. at 676 ("[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.")  Defendants Levinson and Formica, referred to by their titles as Freeholders of the County, appear to be sued in their official capacities.[2]  Suits against local government officials in their official capacities are viewed as suits against the local government, an entity that can be sued under 42 U.S.C. § 1983.  Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 690 (1978).  Thus, the proper defendant to the § 1983 claim is Atlantic County.

---

[2]  Local government officials may also be sued under § 1983 in their individual capacities, but the complaint must contain allegations showing the officials' personal involvement in a constitutional violation.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior.")  Personal involvement can be established through allegations of personal direction or actual knowledge of the violation and acquiescence in it.  Id.

A local government is liable under § 1983 only where it causes the constitutional violation at issue. <u>City of Canton, Ohio v. Harris</u>, 489 U.S. 378, 385 (1989). Therefore, there must be "a direct causal link between "a municipal policy or custom and the alleged constitutional deprivation." <u>Id.</u> Plaintiff has not alleged any local government policy or custom that caused the conditions in Atlantic County Justice Facility of which he complains. Therefore, the claims against Atlantic County would not survive screening pursuant to §§ 1915(e)(2)(B) and 1915A(b).

Finally, Plaintiff named the "State of New Jersey Risk Management" as a defendant to this action. A state agency is not a person subject to suit under § 1983. <u>See Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 71 (1989). Furthermore, under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." <u>Edelman v. Jordan</u>, 415 U.S. 651 (1974) (citations omitted). New Jersey has not waived its sovereign immunity to § 1983 claims. <u>Mierzwa v. U.S.</u>, 282 F. App'x 973, 976 (3d Cir. 2008). Plaintiff's claim against the State of New Jersey Risk Management would not survive screening pursuant to §§ 1915(e)(2)(B) and 1915A(b).

C.  <u>Fourteenth Amendment Conditions of Confinement and Inadequate Medical Care Claims</u>

When a pretrial detainee alleges unconstitutional conditions of confinement in violation of the Due Process Clause of the Fourteenth Amendment, the Third Circuit Court of Appeals has set forth a two-step test to analyze the claim. *Hubbard v. Taylor* ("*Hubbard I*"), 399 F.3d 150, 159-60 (3d Cir. 2005). This same test applies to a pretrial detainee's claims of inadequate medical care. *Montgomery v. Ray*, 145 F. App'x 738, 739-40 (3d Cir. 2005).

> [W]e must ask, first, whether any legitimate purposes are served by these conditions, and second, whether these conditions are rationally related to these purposes. In assessing whether the conditions are reasonably related to the assigned purposes, we must further inquire as to whether these conditions "cause [inmates] to endure [such] genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them." [*Union County Jail Inmates v. DiBuono*,] 713 F.2d [984], 992 [3d Cir. 1983] (citing *Bell* [*v. Wolfish*], 441 U.S. [520] 542, 99 S.Ct. 1861 [1979]) (internal quotation marks omitted). Our inquiry into whether given conditions constitute "punishment" must therefore consider the totality of circumstances within an institution. *Id.* at 996; see also *Jones v. Diamond*, 636 F.2d 1364, 1368 (5th Cir.1981) ("In determining whether conditions of confinement are unconstitutional under ... the fourteenth amendment, we do not assay separately each of the institutional practices, but look to the totality of the conditions."), *overruled in part on other grounds*, *Int'l Woodworkers of America, AFL–CIO v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir.1986) (en banc).

<u>Hubbard I</u>, 399 F.3d at 159-60.

Unconstitutional punishment under the Fourteenth Amendment has objective and subjective components. <u>Stevenson v. Carroll</u>, 295 F.3d 62, 68 (3d Cir. 2007). The subjective component, whether the defendant prison official acted with a sufficiently culpable state of mind, is met where the condition is arbitrary or purposeless or the condition is excessive, even if it would accomplish a legitimate governmental objective. <u>Id.</u> The objective component is met where the prison conditions cause inmates to "endure genuine privations and hardship over an extended period of time." <u>Bell</u>, 441 U.S. at 542.

Plaintiff generally alleges that the "hideous" conditions in the prison caused him to contract chicken pox and to suffer lower back and leg injuries. Anyone exposed to chicken pox may contract the disease. The Complaint does not contain any factual allegations that Warden Cohen was aware of any particular conditions in the jail that would create an unreasonable risk of prisoners contracting chicken pox, and that she failed to do anything to ameliorate that risk.

Plaintiff's claim regarding his lower back and leg injuries is even more deficient. Plaintiff has not described any condition(s) in the jail that caused his back and leg injuries, nor has he alleged how Warden Cohen was deliberately indifferent to the risk of his injuries. <u>See</u> <u>Fantone v. Herbik</u>, 528 F.

App'x 123, 127 (3d Cir. 2013) ("[o]nly extreme deprivations are sufficient to present a claim for unconstitutional conditions of confinement") (citing Hudson v. McMillian, 503 U.S. 1, 8-9 (1992)).

For his inadequate medical care claim, Plaintiff has alleged only that he requested medical care on April 6, 2017, "to no avail." (Compl., ECF No. 1, ¶4.) Plaintiff has not explained what medical assistance he needed and why, who denied his request, or how he was harmed by the denial of his request. Without this information, Plaintiff has failed to state how his inadequate medical care amounted to punishment.

To state a constitutional violation, Plaintiff must allege facts suggesting the conditions of confinement were severe enough to deprive him of a basic human need. Wilson v. Seiter, 501 U.S. 294, 305 (1991). If Plaintiff can meet this standard by further describing the conditions of confinement and identifying a basic human need of which he was deprived, Plaintiff may wish to file an amended complaint to avoid dismissal of this action upon screening. Plaintiff should also indicate how the warden became aware of the conditions, and how the warden was deliberately indifferent to the risk to Plaintiff's health. Plaintiff should note that when an amended complaint is filed, it should be complete because it replaces the original complaint. See 6 Wright, Miller & Kane, Federal

Practice and Procedure 1476 (2d ed. 1990). The Fourteenth Amendment conditions of confinement claims against Warden Cohen would not survive screening pursuant to §§ 1915(e)(2)(B) and 1915A(b).

D.   Retaliation Claim

Plaintiff alleges he was retaliated against by constantly moving him from place to place.  (Compl, ECF No. 1, ¶4.)  He asserts this was done because "I wouldn't stay put under the conditions the facility inforces [sic]." (Id.)

"As a threshold matter, a prisoner-plaintiff in a retaliation case must prove that the conduct which led to the alleged retaliation was constitutionally protected." Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).  Plaintiff's behavior of refusing "to stay put" is not constitutionally protected conduct.  This claim would not survive screening pursuant to §§ 1915(e)(2)(B) and 1915A(b).

E.   First Amendment Free Exercise of Religion Claim

Plaintiff alleges two facts suggesting he is attempting to bring a claim under the First Amendment Free Exercise Clause[3]:

_____

[3]  A state prisoner may also bring a claim the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc et seq.   Washington v. Klem, 497 F.3d 272, 277 (3d Cir. 2007) ("Section 3 of RLUIPA states that '[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... even if the burden results from a rule of general applicability,' unless the government demonstrates that the burden is 'in furtherance of a

(1) that he is not on the Ramadan list, and (2) his isolation in the jail prevents him from practicing his religion.

"When a prisoner asserts a First Amendment free exercise claim that 'a prison policy is impinging on [his] constitutional rights,' the court must then apply the four factor test set forth in *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987), to determine whether the curtailment at issue is 'reasonably related to penological interests.'" Garraway v. Lapin, 490 F. App'x 440, 443-44 (3d Cir. 2012) (quoting DeHart v. Horn, 227 F.3d 47, 51 (3d Cir.2000) (citing Turner, 482 U.S. at 89, 107 S.Ct. 2254).

Plaintiff's claim is deficient because he has not alleged any policy that prevents him from being on the Ramadan list, or even that he requested to be on the list and was refused (or by whom). Nor has Plaintiff alleged any policy that causes his isolation or how that precludes his practice of religion. In short, Plaintiff has not alleged sufficient facts to state a First Amendment Free Exercise Claim.

III. CONCLUSION

For the reasons stated above, the Court will deny Plaintiff's IFP application without prejudice. Plaintiff may reopen this matter by filing a properly completed IFP

compelling governmental interest' and is 'the least restrictive means of furthering that ... interest.'") (quoting 42 U.S.C. § 2000cc-1(a)).

application; however, the Complaint would not survive screening pursuant to §§ 1915(e)(2)(B) and 1915A(b). If Plaintiff can correct the deficiencies in his Complaint, he may file an amended complaint within the allotted time.

An appropriate order follows.

DATE: October 23, 2017

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**